UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

NAKIMA BENJAMIN,                                        **Docket No.:**

                *Plaintiff,*                          **COMPLAINT**

   -against-
                                                       **PLAINTIFF DEMANDS**
SAMSUNG C&T AMERICA, INC.,                              **A TRIAL BY JURY**

                *Defendant.*
------------------------------------------------------------------X

Plaintiff, Nakima Benjamin, as and for her Complaint, respectfully alleges, all upon information and belief, as follows:

### JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. §1331, in that certain of the Plaintiff's claims arise under the laws of the United States, namely Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§1981"), and supplemental jurisdiction over the remainder of Plaintiff's claims under Chapter 1, Title 8, §8-107(1)(a) of the Administrative Code of the City of New York

2.     Venue is proper under 28 U.S.C §1391(b) because the events underlying this action occurred within the Southern District of New York and because Defendant does business within the District.

### IDENTITY OF THE PARTIES

3.      At all relevant times mentioned herein, Plaintiff Nakima Benjamin ("Benjamin"), an African American female, was employed by Defendant Samsung C&T America, Inc. ("Samsung") until she was terminated on March 30, 2020 because of her gender and race.

4.      Samsung is a global trading and investment company that functions as an independent American subsidiary of a Korean conglomerate and provides fashion, machinery, textile, and trading, as well as offering product marketing, distribution, and new business development services.

## BACKGROUND RELEVANT TO ALL CAUSES OF ACTION

5.      Benjamin commenced her employment with Samsung on July 30, 2018, as Manager, New Business Development.

6.      At all relevant times, Benjamin was qualified for her role, as confirmed by her over fourteen years of experience driving business evolution and revenue growth for companies ranging from start-ups to global enterprises within the technology, media, fashion, consumer goods, and legal industries.

7.      In addition to her substantial experience, Benjamin also holds a B.A. from Yale University, a J.D. from the University of Pennsylvania Law School, and a certificate in business and public policy from the Wharton Business School of the University of Pennsylvania.

8.      Benjamin's duties included business development, brand partnerships, marketing, project management, and strategy, such as conceptualizing ways to address the pain points of current and prospective partners, formulating new business models, and exploring strategic alliances with other service providers.

9.      The decision to hire Benjamin had been made by Michael Hahn ("Hahn"), a Korean man and Vice President & Head of Samsung Fashion Infrastructure Division.

10.     Benjamin knew that Hahn had made the decision to hire her because the recruiter who had extended the job offer to her, Stella Park ("Park") of Samsung's Human Resources

2

Department, had contacted Benjamin on July 18, 2018 and told her that Hahn wanted Benjamin to start "ASAP – sooner rather than later."

11.     Despite the fact that Benjamin had been interviewed and hired by Hahn, her direct supervisor was Bono Choi ("Choi"), a Korean man who had been appointed to the role of Director, New Business Development and head of the Business Development team.

12.     Choi, through his words and actions, made it clear that despite Benjamin's impeccable background, he held a discriminatory bias against her because of her gender (female) and race (African American).

13.     By way of example, when Choi had met with Benjamin before she was offered the position, at a meeting where Jung Lee ("Lee"), a Korean man and Manager, New Business Development, was also present, Choi rudely asked Benjamin "why [she] would want to work at Samsung?" and Lee refused to even shake her hand.

14.     From the commencement of her employment, Choi and Lee treated Benjamin less well because of her race and gender, as confirmed by at least the following conduct, which is set forth only by way of example:

- Within days of starting her employment, Lee insultingly reprimanded Benjamin for not knowing the first and last name of a certain agent, including Choi laughing when Lee criticized her and shoved the agent's business card, which had never been given to Benjamin, in Benjamin's face;

- Assigning Benjamin secretarial tasks such as taking meeting minutes and expecting Benjamin to remind Choi of upcoming meetings and appointments on his calendar, which was well outside of her job description and below her abilities;

- Consistently excluding Benjamin from weekly business development meetings during which material business matters were discussed, so that she was always behind and out of the loop;

3

- Consistently excluding Benjamin from bi-weekly/monthly meetings with Samsung's other fashion division;

- Consistently excluding Benjamin from weekly department meetings with the CEO;

- With a few exceptions, regularly excluding Benjamin from business lunch meetings with current partners;

- Choi refusing to meet with an African American agent,  even though his customary practice was to always meet in person with agents, and when Benjamin spoke with Choi about the meeting she had with the agent and the opportunity that existed for Samsung, Choi swiftly and dismissively concluded that Samsung should not proceed with exploring a partnership with the brand the agent introduced, which was founded by an African American, demonstrating that the real reason was that Choi knew this agent and the brand's founder were African Americans;

- Having a colleague remark to Benjamin that they observed Choi excluding her repeatedly, which was upsetting to Benjamin;

- Choi becoming irritated after learning that the frontrunner candidate for Samsung's search for a new General Counsel was a female, as confirmed by his stating during a conversation in April 2019 with Michelle Schuler, Director of Human Resources, and Park of Human Resources, Benjamin and others, **"It's always women. I'm surrounded by women. Why are you always hiring women?"**

15.    Samsung's work environment also reflected Samsung's shortcomings in connection with creating a diverse, equitable, and inclusive workplace as, only by way of example, during Benjamin's employment Samsung: had a disturbingly low number of African American employees; executives and department leaders were comprised almost exclusively of Korean males; and, subtle yet insidious gender biases embedded into its systems such as auto-generated messages for certain internal approvals that were addressed to "Dear Sir" regardless of the

recipient, rather than "Dear Sir/Madam" or "To whom it may concern;" all of which demonstrates that Samsung anticipated and encouraged a workplace that favored Korean men,

16.     Despite Choi's marginalization of Benjamin, she managed to be successful in her role and had many accomplishments, including significantly increasing prospecting and brand engagement; ideating the strategic decision to broaden partner targets to include activewear and athleisure attire, plus-size clothing, swimwear, beauty and cosmetics, medical attire, home goods, and lifestyle brands; surpassing yearly goals for agents and potential partner meetings; and overseeing marketing activations that increased Samsung Fashion Infrastructure Division's visibility within the fashion industry and beyond.

17.     In early February 2020, Hahn announced that he would be returning to Headquarters in Korea by mid-February 2020.

18.     Choi was appointed to replace Hahn as Head of Samsung Fashion Infrastructure Division.

19.     After Choi was appointed to be Head of Samsung Fashion Infrastructure Division, Benjamin continued to be Choi's direct report and she was the only person solely responsible for the Division's business development.

20.     Soon thereafter, in or about mid-March 2020, Jesse Kim ("Kim"), a Korean man who had been working for Samsung in Asia, emailed the New York office and introduced himself as being involved in business development.

21.     The position that Kim claimed to have was Benjamin's role as Kim's title, "Manager, New Business Development," and level, "Senior Professional," were the same as Benjamin's title and level.

5

22.     Just a few weeks later, on March 30, 2020, Benjamin was contacted by Michele Schuler of Samsung's Human Resources Department, who advised Benjamin that she was being terminated as part of a layoff that would include a 50% reduction of staff.

23.     A few weeks later, Benjamin applied to become an agent with Samsung, a position she was certainly qualified to hold.

24.     However, Choi completely ignored her application.

25.     Soon thereafter, Benjamin learned that, contrary to what she had been told, 50% of the staff had *not* been laid off, but rather only she and the receptionist had been laid off, and that the receptionist had only been laid off because many of her job responsibilities could not be performed remotely after the office shut down due to the COVID-19 pandemic weeks earlier.

26.     Benjamin further learned that Kim, a Korean man, would be replacing her, despite the fact that her position had purportedly been eliminated.

27.     The real reason Benjamin was fired was because of Choi's discriminatory animus against her because of her gender and race, and Samsung's claim that Benjamin was terminated as part of a reduction in force was a transparent pretext intended to mask that discrimination.

28.     As a result of Samsung's discriminatory conduct, Benjamin has suffered the adverse effects of race and gender discrimination, which includes damages to the quality of her life, her self-esteem, self-respect and financial and emotional well-being because she was subjected to the humiliating and demeaning type of conduct described herein, all of which will continue and remain a source of humiliation, distress and financial loss to Benjamin into the future.

29.     Here, Samsung's conduct towards Benjamin shows that it acted with willful or wanton negligence, malice, recklessness, or a conscious disregard of Benjamin's rights, or that its unlawful actions against Benjamin were so reckless as to amount to a disregard of Benjamin's

rights, so that in addition to all the damages inflicted upon Benjamin and in addition to all the measure of relief to which Benjamin may properly be entitled herein, Samsung should also be required to pay punitive damages as punishment for its discriminatory conduct in order to deter it and others similarly situated from engaging in such conduct in the future.

### AS FOR A FIRST CAUSE OF ACTION ON BEHALF OF BENJAMIN AGAINST SAMSUNG FOR RACE DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. §1981

30.     Benjamin repeats, re-alleges and incorporates in full paragraphs 1 through 29 of this Complaint as though fully set forth at length herein.

31.     By the acts and practices set forth herein, Samsung discriminated against Benjamin in the terms and conditions of her employment on the basis of her race in violation of §1981.

32.     Samsung knew that its actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Benjamin's statutorily protected rights.

33.     The aforementioned acts of Samsung constitute unlawful discrimination on the basis of race against Benjamin in violation of §1981, which provides, *inter alia*, that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

34.     As a direct and proximate result of Samsung's violation of §1981, Samsung is liable to Benjamin for damages, in an amount to be determined at trial, as well as reasonable attorney's fees, pre-judgment interest and costs.

35.     Here, the acts of Samsung were so egregious and were done with such bad-faith and/or reckless indifference for Benjamin's protected rights under §1981, that, in addition to all

the damages inflicted upon Benjamin and in addition to all the measures of relief to which Benjamin may properly be entitled herein, Samsung should also be required to pay punitive damages as punishment for its discriminatory conduct, in order to deter Samsung and others similarly situated from engaging in such conduct in the future.

36.     Benjamin, therefore, seeks compensatory damages in this cause of action, including, among other things, for loss of earnings and loss of earning capacity and for the emotional harm inflicted upon her, in an award to be determined at a trial of this matter, as well as punitive damages, reasonable attorney's fees, the costs of this action and pre-judgment interest, in this cause of action.

**AS FOR A SECOND CAUSE OF ACTION ON BEHALF OF
BENJAMIN AGAINST SAMSUNG FOR RACE DISCRIMINATION
IN VIOLATION OF CHAPTER 1, TITLE 8, §8-107(1)(a) OF
THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK**

37.     Benjamin repeats, re-alleges and incorporates in full paragraphs 1 through 36 of this Complaint as though fully set forth at length herein.

38.     At the time Benjamin was subjected to the discriminatory conduct described herein, she was in a protected class under the New York City Human Rights Law because of her race.

39.     Throughout the time of her employment with Samsung, Benjamin was fully qualified for her position and was in a position to continue working in that capacity.

40.     Samsung treated Benjamin less well because of her race and took adverse employment action against her by marginalizing and sidelining her because of her race and then terminating her.

41.     The circumstances surrounding Samsung's conduct towards Benjamin, including terminating her for pretextual reasons and replacing her with a Korean man, gives rise to a very

8

real inference that the actual basis for Samsung's actions towards Benjamin was race discrimination.

42.     The aforementioned acts of Samsung constitute unlawful discrimination against Benjamin in violation of Chapter I, Title 8 of the Administrative Code of the City of New York, §8-107(1)(a) (referred to herein as "The New York City Human Rights Law"), which provides, *inter alia* that:

> It shall be unlawful discriminatory practice . . .[f]or an employer or an employee or agent thereof, because of the actual or perceived ... race . . . of any person . . . to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

43.     As a result of Samsung's violations of the New York City Human Rights Law §8-107(1)(a), Samsung is liable to Benjamin pursuant §8-502(a) of said statute for "damages, including punitive damages," and pursuant §8-502(f) of the statute for "costs and reasonable attorney's fees," as provided for under the law.

44.     Benjamin has been caused to suffer injuries resulting in emotional anguish and suffering, and has been humiliated, demeaned and otherwise degraded because of Samsung's outrageous conduct in violation of Benjamin's human rights, all of which has impacted her well-being and the quality of her life.

45.     As a direct and proximate result of Samsung's discriminatory conduct complained of herein, Benjamin has suffered damages, injuries and losses, both actual and prospective, which include damage to her career and the emotional pain and suffering she has been caused to suffer and continues to suffer, all of which Benjamin alleges to be in the amount of Two Million Dollars ($2,000,000).

46.     Here, Samsung's conduct towards Benjamin shows that it acted with willful or wanton negligence, or recklessness, or a conscious disregard of Benjamin's rights under the New York City Human Rights Law, or that its unlawful actions against Benjamin were so reckless as to amount to a disregard of Benjamin's rights, that, in addition to all the damages inflicted upon Benjamin and in addition to all the measures of relief to which Benjamin may properly be entitled herein, Samsung should additionally be required to pay punitive damages as punishment for its discriminatory conduct in the further amount of Three Million ($3,000,000) Dollars, in order to deter Samsung and others similarly situated from engaging in such conduct in the future.

47.     Benjamin, therefore, seeks compensatory damages in this Second Cause of Action, including, among other things, the emotional harm inflicted upon her in the sum of Two Million ($2,000,000) Dollars, and an additional and further sum of Three Million ($3,000,000) Dollars for punitive damages, making a total of Five Million ($5,000,000) Dollars in this Cause of Action, plus prejudgment interest, the costs of this action, as well as reasonable attorney's fees.

**AS FOR A THIRD CAUSE OF ACTION ON BEHALF OF
BENJAMIN AGAINST SAMSUNG FOR GENDER DISCRIMINATION
IN VIOLATION OF CHAPTER 1, TITLE 8, §8-107(1)(a) OF
THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK**

48.     Benjamin repeats, re-alleges and incorporates in full paragraphs 1 through 47 of this Complaint as though fully set forth at length herein.

49.     At the time Benjamin was subjected to the discriminatory conduct described herein, she was in a protected class under the New York City Human Rights Law because of her gender.

50.     Throughout the time of her employment with Samsung, Benjamin was fully qualified for her position and was in a position to continue working in that capacity.

10

51.    Samsung treated Benjamin less well because of her gender and took adverse employment action against her by marginalizing and sidelining her because of her gender and then terminating her.

52.    The circumstances surrounding Samsung's conduct towards Benjamin, including terminating her for pretextual reasons and replacing her with a Korean man, gives rise to a very real inference that the actual basis for Samsung's actions towards Benjamin was gender discrimination.  The aforementioned acts of Samsung constitute unlawful discrimination against Benjamin in violation of §8-107(1)(a) of the New York City Human Rights Law, which provides, *inter alia* that:

> It shall be unlawful discriminatory practice . . .[f]or an employer or an employee or agent thereof, because of the actual or perceived ... gender . . . of any person . . . to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

53.    As a result of Samsung's violations of the New York City Human Rights Law §8-107(1)(a), Samsung is liable to Benjamin pursuant §8-502(a) of said statute for "damages, including punitive damages," and pursuant to §8-502(f) of the statute for "costs and reasonable attorney's fees," as provided for under the law.

54.    Benjamin has been caused to suffer injuries resulting in emotional anguish and suffering, and has been humiliated, demeaned and otherwise degraded because of Samsung's outrageous conduct in violation of Benjamin's human rights, all of which has impacted her well-being and the quality of her life.

55.    As a direct and proximate result of Samsung's discriminatory conduct complained of herein, Benjamin has suffered damages, injuries and losses, both actual and prospective, which include damage to her career and the emotional pain and suffering she has been caused to suffer

11

and continues to suffer, all of which Benjamin alleges to be in the amount of Two Million Dollars ($2,000,000).

56.     Here, Samsung's conduct towards Benjamin shows that it acted with willful or wanton negligence, or recklessness, or a conscious disregard of Benjamin's rights under the New York City Human Rights Law, or that its unlawful actions against Benjamin were so reckless as to amount to a disregard of Benjamin's rights, that, in addition to all the damages inflicted upon Benjamin and in addition to all the measures of relief to which Benjamin may properly be entitled herein, Samsung should additionally be required to pay punitive damages as punishment for its discriminatory conduct in the further amount of Three Million ($3,000,000) Dollars, in order to deter Samsung and others similarly situated from engaging in such conduct in the future.

57.     Benjamin, therefore, seeks compensatory damages in this Third Cause of Action, including, among other things, the emotional harm inflicted upon her in the sum of Two Million ($2,000,000) Dollars, and an additional and further sum of Three Million ($3,000,000) Dollars for punitive damages, making a total of Five Million ($5,000,000) Dollars in this Cause of Action, plus prejudgment interest, the costs of this action, as well as reasonable attorney's fees.

**WHEREFORE**, Plaintiff Nakima Benjamin demands judgment against Defendant Samsung C&T America, Inc. on the First Cause of Action in an award of compensatory and punitive damages to be determined at a trial of this matter; on the Second Cause of Action in the sum of Two Million Dollars ($2,000,000) in compensatory damages and Three Million Dollars ($3,000,000) in punitive damages, for a total of Five Million Dollars ($5,000,000); and on the Third Cause of Action in the sum of Two Million Dollars ($2,000,000) in compensatory damages and Three Million Dollars ($3,000,000) in punitive damages, for a total of Five Million Dollars ($5,000,000); plus, on all Causes of Action, pre-judgment interest, the costs of this action and

reasonable attorney's fees as is permitted under the law for each cause of action; and for such other and further relief as this Court deem just and proper.

**SCHWARTZ PERRY & HELLER LLP**
*Attorneys for Plaintiff*

By:_____

DAVIDA S. PERRY
BRIAN HELLER
3 Park Avenue, Suite 2700
New York, NY 10016
(212) 889-6565